UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENT L. R.,[1]<br>        Plaintiff,<br><br>        v.<br><br>KILOLO KIJAKAZI,[2] Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 2:20-cv-05977-JDE<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Brent L. R. ("Plaintiff") filed a Complaint on July 2, 2020, seeking review of the Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issue in dispute on June 21, 2021. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi, now Acting Commissioner of the Social Security Administration, is substituted as defendant for Andrew Saul. See Fed. R. Civ. P. 25(d); Vincent J. v. Kijakazi, 2021 WL 3232882, *8 n.1 (E.D. Wash. July 29, 2021).

# I.

# BACKGROUND

Plaintiff protectively filed for DIB on January 11, 2017, and SSI on August 21, 2017, alleging disability commencing December 20, 2015. AR 15, 66, 135-38, 140-55, 179. On March 27, 2019, after his applications were denied (AR 66-71), Plaintiff, represented by counsel, appeared in Long Beach, California, and testified before an Administrative Law Judge ("ALJ"), as did a vocational expert. AR 15, 33-51.

On July 2, 2019, the ALJ concluded Plaintiff was not disabled. AR 15-25. The ALJ found Plaintiff met the insurance status requirements of the Social Security Act ("SSA") through December 31, 2020. AR 17. Although Plaintiff worked after the alleged disability onset date, the ALJ determined it was an "unsuccessful work attempt," and therefore found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. AR 17-18. The ALJ concluded Plaintiff has the following severe impairments: "degenerative disc disease of lumbar; obesity; hypertension; and alcohol abuse." AR 18-20. The ALJ also found Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment, and he has the residual functional capacity ("RFC") to perform medium work[3] except "he can frequently climb, balance, stoop, kneel, crouch, and crawl." AR 20.

Finally, the ALJ found that Plaintiff is capable of performing his past relevant work as a boilermaker (Dictionary of Occupational Titles 805.381-010). AR 24-25. Thus, the ALJ concluded Plaintiff was not under a

---

[3] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the Social Security Administration] determine[s] that he or she can also do sedentary and light work." Blanca A. v. Saul, 2020 WL 1233646, *2 (C.D. Cal. Mar. 13, 2020); 20 C.F.R. §§ 404.1567(c), 416.967(c)).

"disability," as defined in the SSA, from the alleged onset date through the date of the decision. AR 25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the agency's final decision. AR 1-6.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id.

To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Thomas v. Saul, 830 F. App'x 196, 198 (9th Cir. 2020).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## B.     The Five-Step Sequential Evaluation

When a claim reaches an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot

perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at steps one through four to show he is disabled or meets the requirements to proceed to the next step and bears the ultimate burden to show he is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110. However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### DISCUSSION

The parties present one disputed issue: Did the ALJ properly consider the consultative examining opinion of Dr. Azizollah Karamlou. J. Stip. at 4.

**A.    Applicable Law**

In setting an RFC, an ALJ must consider all relevant evidence, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ must also consider all the medical opinions "together with the rest of the relevant evidence [on record]." 20 C.F.R. §§ 404.1527(b), 416.927(b).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining

physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "As a general rule, more weight[4] should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 1164 (citation omitted).

    An ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record, see Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted), or discuss every word of a doctor's opinion or include limitations not assessed by the doctor, see Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017);

---

[4] Under rules effective for claims filed on or after March 27, 2017, ALJs are no longer required to defer to or assign each medical opinion a specific evidentiary weight. See 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJs will articulate the persuasiveness of medical opinions based on factors in the regulations, most importantly consistency and supportability. See 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b); Cardoza v. Soc. Sec. Comm'r, 2021 WL 1320772, *4 (N.D. Cal. Mar. 1, 2021). Even though Plaintiff's SSI claim was filed after March 27, 2017, the old regulations still apply because his DIB application was filed before that date. See SSA Program Operations Manual System ("POMS") DI 24503.050D.2.a ("If the earliest filing date of the claim is: [¶] Before March 27, 2017, use the prior rules[.]"); Loriel C. v. Saul, 2020 WL 4340742, *12 (E.D. Wash. July 28, 2020) (examining situation where the application dates of concurrent claims straddle March 27, 2017, and concluding that, under POMS DI 24503.050D.2.a, the ALJ properly evaluated the medical opinion evidence under old regulations). The parties do not dispute that the pre-March 27, 2017 regulations apply.

Howard, 341 F.3d at 1012. Nor is an ALJ required to recite "magic words" or "incantations" to reject an opinion. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). "A reviewing court [is] not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." Id.; Towne v. Berryhill, 717 F. App'x 705, 707 (9th Cir. 2017) (citing Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004) (if the ALJ provides enough information that the reviewing court can draw reasonable inferences from the record in support of the ALJ's findings, then the ALJ's findings should be upheld)).

## B.  Relevant Opinion Evidence

### 1.  Dr. Karamlou

On May 6, 2017, internal medicine physician Dr. Karamlou conducted a consultative evaluation of Plaintiff and, as relevant here, found Plaintiff in "no acute distress," had "normal gait and balance, and d[id] not require the use of an assistive device." AR 420. The doctor also found Plaintiff had "[n]ormal spine curvature without kyphoscoliosis" and no evidence of muscle spasm, but had local tenderness, bilateral radiculopathy with numbness in the buttocks, and reduced range of motion and extension. AR 421. Plaintiff had no joint deformities, effusions, warmth, crepitus, or pain upon motion of his extremities and his upper extremities were grossly within normal limits. Id. As to his lower extremities, his hips and ankles were grossly normal, but he had reduced range of motion in his knees. Id. Plaintiff's strength was 5/5 throughout. Id.

Dr. Karamlou noted that there were no medical records available for his review. AR 422. However, based on his physical examination and observations, he found the following "impressions"[5]: (1) hypertension; (2) atypical chest pain;

---

[5] The Court notes that an "impression" is not necessarily a diagnosis. See Sidwell v. Berryhill, 2018 WL 2113957, at *1 (W.D. Wash. May 8, 2018) ("not all

(3) hyperlipidemia; (4) chronic gastritis and acid reflux; (5) low back pain syndrome with bilateral sciatica with numbness in the area of the buttocks; and (6) motor vehicle accident in 1987 with fracture in the knees and lower extremities, explaining that Plaintiff "has undergone surgical intervention with placement of a rod, which is currently painful on walking." AR 422-23. Dr. Karamlou opined that Plaintiff: (1) can lift and carry 50 pounds occasionally and 25 pounds frequently; (2) can push and pull without limitation; (3) can walk and stand for four hours in an eight-hour day; (4) can sit six hours in an eight-hour day; (5) did not need an assistive device; (6) is able to bend, stoop, kneel, and crouch without restrictions; (7) is able to walk on uneven terrain, climb ladders, and work at heights; (8) has no limitation hearing or seeing; and (9) had no limitation in fingering, handling, feeling, and reaching. AR 422-23.

### 2. Dr. Cooper

Dr. E. Cooper reviewed all of Plaintiff's medical records and provided a summary in a "Findings of Fact and Analysis of Evidence." AR 58-60. He found Plaintiff's primary severe physical impairments are "disorders of back—discogenic and degenerative," his secondary severe impairment is "essential hypertension." AR 60. In addition to other evidence, Dr. Cooper reviewed and discussed Dr. Karamlou's consultative evaluation. AR 61-63. Dr. Cooper noted that the overall records showed mild to moderate multi-level degenerative changes in Plaintiff's spine and that Dr. Karamlou noted decreased range of motion at his examination. Id. However, Dr. Cooper noted that Plaintiff's gait was normal and that he was reported he could use public transportation. Id. He also noted that a recent emergency-room visit showed normal range of motion and straight-leg raising testing revealed negative results. Id. As such, Dr.

---

'impressions' are medical diagnoses"); Byrne v. Astrue, at *1 (N.D. Cal. Jan. 14, 2010) (indicating that physician "noted an impression (but not diagnosis)").

Cooper found Dr. Karamlou's opinion "overly restrictive," and that Plaintiff was instead capable of a full range of medium work. AR 63.

Accordingly, Dr. Cooper concluded Plaintiff had the RFC to: (1) occasionally lift and/or carry 50 pounds; (2) frequently lift and/or carry 25 pounds; (3) stand and walk for six hours of an eight-hour workday; (4) sit for six hours of an eight-hour workday; and (5) push and/or pull without limit, except as restricted by his lift and/or carry abilities. AR 62-63.

### C.  Analysis

The ALJ provided a detailed summary of Dr. Karamlou's examination and opinion, found it partially consistent with the record, and specifically concluded that the "stand and walk limitation of [four] hours is overly restrictive." AR 22-24. Accordingly, the ALJ gave partial weight to the opinion. AR 23. The ALJ also provided a brief description of Dr. Cooper's opinion and afforded it more weight. AR 24.

Preliminarily, the Court notes that the ALJ did not reject Dr. Karamlou's opinion entirety as Plaintiff suggests. See Jt. Stip. at 4 ("The ALJ impermissibly rejected Dr. Karamlou's examining opinion."), see also id. at 6-7, 10, 18-19). By assigning the opinion "partial" weight instead of "no" weight, the ALJ necessarily gave consideration and credited aspects of the opinion. AR 23. Indeed, Plaintiff's RFC is almost identical to Dr. Karamlou's assessed limitations. Compare AR 20 with AR 422-23; see, e.g., Waldner v. Colvin, 2015 WL 711020, *6 (D. Or. Feb. 18, 2015) (no error in RFC finding that specifically included limitations tailored to claimant).

The parties agree that the only meaningful difference between Dr. Karamlou's opinion and Dr. Cooper's opinion is their assessments of Plaintiff's ability to stand and walk. See J. Stip. at 10. As such, the only issue before the Court is whether the ALJ provided proper reasons for giving slightly less weight to Dr. Karamlou's opinion, reasons sufficient to account for that mere two-hour

difference between the opinions' assessed stand/walk limitations. The ALJ provided at least four valid reasons.

First, after noting Dr. Karamlou's examination findings that supported partially crediting it, the ALJ found, "[h]owever, the rest of the examination findings were within normal limits." AR 22. As relevant to standing and walking, those findings included normal gait and balance, normal bulk and tone without atrophy, and 5/5 strength throughout without focal motor deficits. AR 22, 420-21. These findings appear in Dr. Karamlou's consultative evaluation and were thus properly relied on by the ALJ in partially discounting the opinion. See Ford, 950 F.3d at 1154 (conflict between physician's opinion and his own notes is a specific and legitimate reason for rejecting it); Wilhelm v. Comm'r Soc. Sec. Admin., 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly rejected doctor's opinion because it contradicted her own treatment notes); Shavin v. Comm'r Soc. Sec. Admin., 488 F. App'x 223, 224 (9th Cir. 2012) (ALJ may reject physician's opinion by "noting legitimate inconsistencies and ambiguities in the doctor's analysis or conflicting lab test results, reports, or testimony" (internal citation omitted)).

Second, the ALJ credited Dr. Karamlou's opinion to the extent it was "consistent with the record," and by implication partially discredited it to the extent it was inconsistent with the record and did not reveal "seriously debilitating limitations." AR 23. For example, as noted in the decision, those medical record findings included: (1) a December 2016 examination where Plaintiff presented mild paraspinal tenderness and normal range of motion (AR 21, 249 ["Back: Normal range of motion, Normal alignment, no step-offs, Mild lumbar paraspinal tenderness."]); (2) a March 17, 2017 examination showing tenderness over the lumbosacral area, but normal strength (AR 21, 349); (3) a March 24, 2017 exam showing tenderness to palpitation ("TTP") at midline and paraspinal in lumbar region, but Plaintiff was able to range with minimal pan

and demonstrated a negative strait-leg raising test (AR 21, 397 ("Back: Normal alignment, no step-offs, TTP at midline and paraspinal in lumbar region. Able to range with minimal pain. Negative straight leg raise"; Plaintiff in "no acute distress")); (4) an April 26, 2017 orthopedic exam showing only slightly reduced range of motion on flexion, but otherwise normal findings and normal gait (AR 21, 431); and (5) a May 10, 2017 treatment note indicating Plaintiff was ambulating freely but with some difficulty, and upon back exam displayed no paraspinous or paravertebral tenderness (AR 21, 424). That objective evidence is supported by the record, and thus properly supported the ALJ's reasoning. See Aranda v. Comm'r Soc. Sec. Admin., 405 F. App'x 139, 141 (9th Cir. 2010) (persuasiveness of physician's opinion must take into account the opinion's consistency with the record as a whole, among other factors); Batson, 359 F.3d at 1197 ("[I]t was permissible for the ALJ to give [medical opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."); Sprolling v. Saul, 2020 WL 2797298, *4 (C.D. Cal. May 29, 2020) (ALJ properly assigned little weight to Dr. Karamlou's opinion as it was inconsistent with objective medical evidence).

      Third, the ALJ found Dr. Karamlou's opinion inconsistent with Plaintiff's activities of daily living. AR 23. The ALJ explained those activities included Plaintiff's use of public transportation, ability to shop in stores, cook simple meals, clean and do laundry, take care of personal care needs and grooming, do household chores, and run errands. AR 18-19, 23; see, e.g., AR 41-42, 186-94. The ALJ specifically found that some of those physical abilities "required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." AR 23. While the Court does not find this to be a strong reason supporting the decision, it is nonetheless specific and legitimate, and sufficient for the ALJ to find Plaintiff could stand/walk for two more hours than Dr. Karamlou found in his opinion. See Hernandez v.

Saul, 808 F. App'x 425, 427 (9th Cir. 2020) (opinion may be discounted by citation to specific examples of how doctor's functioning assessment was inconsistent with daily activities); Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between physician's opinion and claimant's daily activities may constitute a specific and legitimate reason to discount opinion).

Fourth, as mentioned, the ALJ discussed the Dr. Cooper's opinion that Plaintiff could perform a full range of medium work and assigned it more weight. AR 24. The ALJ noted that Dr. Cooper's opinion was consistent with the objective findings, the record as a whole, and Plaintiff's activities of daily living already discussed. The ALJ properly relied on the conflict between Dr. Karamlou's opinion and Dr. Cooper's opinion in assessing the opinion evidence, assigning weight, and fashioning the RFC. See Ford, 950 F.3d at 1156 (conflicting medical professional findings a valid consideration in discounting an opinion); Batson, 359 F.3d at 1197. Contrary to Plaintiff's assertion, Dr. Cooper's opinion stands as substantial evidence supporting the ALJ's decision. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (per curiam) ("We have held that the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."); Sprolling, 2020 WL 2797298 at *5 (ALJ properly gave more weight to State agency reviewing physicians over Dr. Karamlou's examining opinion, and found they served as substantial evidence, where the reviewing physician opinions were consistent with and supported by evidence in the record); Kane v. Colvin, 2015 WL 5317149, *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion in part because it was contradicted by State agency physicians' findings).

The ALJ provided a fifth and final reason for discounting Dr. Karamlou's opinion: "despite [Plaintiff]'s surgical intervention of rod placement in his lower extremity following an accident in 1987, he worked as a boilermaker, a

medium work [job,] but actually performed as heavy by [Plaintiff], between 2004 and 2015." AR 23. Without more, the Court finds this reason not sufficiently specific or legitimate. In some circumstances, where a claimant worked with the same purportedly disabling impairments before the alleged onset date, or where the claimant's symptoms did not worsen after the onset date, the Agency has properly considered Plaintiff's prior work history in the sequential evaluation. See, e.g., Miller v. Berryhill, 732 F. App'x 526, 528 (9th Cir. 2018) (claimant's "testimony was undercut by the fact that he had worked before the alleged onset date with approximately the same impairments" as shown by medical evidenced in the medical record); Chrystie M. v. Comm'r Soc. Sec. Admin., 2021 WL 3406303, *11 (D. Or. Aug. 4, 2021) (disability not shown at Step Three where claimant worked before her alleged onset date, and the medical evidence did not show a worsening of her condition after the alleged onset date). Here, however, ALJ did not provide further context supporting her reason,[6] and the Court notes that Plaintiff alleged a worsening of his condition.[7] AR 23, 36-37, 42-45, 201. Accordingly, the Court finds that

---

[6] The Commissioner notes Plaintiff reported he was fired due to drinking, not because he could no longer perform the work, and cites evidence allegedly showing that Plaintiff's condition did not "substantiate significate worsening" since he last worked. J. Stip. at 17. However, the ALJ did not rely upon those bases in discounting the opinion. AR 23; Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (the court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely" (citation omitted)).

[7] Although the ALJ also partially discounted Plaintiff's subjective complaints (AR 21-23), the decision never discussed whether his condition worsened, stayed the same, or improved. Plaintiff's testimony that he tried to go back to work in 2018, and the ALJ's attendant finding that it was an unsuccessful work attempt—including crediting aspects of Plaintiff's testimony that he terminated the 2018 work attempt because of his condition—appears to support a worsening condition. AR 17-18, 36-37; see also AR 42-45 (Plaintiff's testimony that he had injections and the "next step" is surgery, but doctors had to delay surgery for prostate cancer treatment).

Plaintiff's ability to work <u>before</u> he alleged disability is not a valid reason to discount the opinion. <u>See, e.g.</u>, <u>Hansen v. Colvin</u>, 2016 WL 7650613, *4 (W.D. Wash. Dec. 5, 2016) (dismissing doctor's opinion as undermined by claimant's "several years" of work prior to alleged onset date not a specific and legitimate reason). But any error in this fifth reason for discounting the opinion is harmless. <u>See</u> <u>Molina</u>, 674 F.3d at 1115; <u>Maners v. Saul</u>, No. 19-35298, 2021 WL 1984876, *1 n.1 (9th Cir. May 18, 2021) ("Ultimately, because the ALJ's other reasons for discrediting the [physician]'s opinion are proper, this error is harmless."); <u>Presley-Carrillo v. Berryhill</u>, 692 F. App'x 941, 944-45 (9th Cir. 2017) (error in discounting opinion "harmless because the ALJ gave a reason supported by the record for not giving much weight to [the] opinion").

Accordingly, reversal is not warranted.

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: August 12, 2021

_____
JOHN D. EARLY
United States Magistrate Judge